[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, Charles Bellino, brings this writ of habeas corpus alleging ineffective assistance of his counsel William Tiernan. The petitioner was originally charged with murder (Connecticut General Statutes § 53a-54a). Attempt to Commit Assault in the First Degree (Connecticut General Statutes § 53a-49(a)) (Connecticut General Statutes § 53a-59 (a)) and carrying a Pistol without a Permit (Connecticut General Statutes § 29-35). In May 1991 after a trial the jury found the Petitioner guilty of Manslaughter in the First Degree, Attempt to Commit Assault in the First Degree and Possession of a Pistol Without a Permit. On these CT Page 14020 charges the Petitioner was sentenced to consecutive sentences of twenty years, tens years and five years respectively for a total effective sentence of thirty-five years to serve.
The Petitioner testified that the incident occurred on September 24, 1989 in New Haven at approximately 4 a.m. He was a passenger in the right front seat of a car driven by his cousin Ernest Reid. Also in the car in the back seat was another cousin of the petitioner, one Henry Jackson. On that date in the Sherman Avenue area of New Haven the occupants of the vehicle the petitioner was in and the occupant(s) of a jeep had some words which resulted in an occupant of the jeep being shot and killed. The petitioner was found guilty of the killing.
During the criminal trial the petitioner testified that he thought the occupant of the jeep was reaching for a gun so he ducked down in the vehicle he was in. As he did so he heard four or five shots but he did not know who fired them. During this habeas hearing the petitioner testified that the jeep was to the right of the vehicle he was in and that he could see the operator who was about four or five feet from him. The petitioner stated he did not know the occupants of the jeep and as he was talking to the operator of the jeep that person bent over as if he was reaching for something. Then he testified Ernie (Reid) said he's got a gun. The petitioner stated when he heard that he thought the jeep operator was going to shoot at the vehicle he was in so he himself started shooting.
The petitioner testified that he did not admit to the shooting, which he claims was in self defense, at the trial because his attorney, William Tiernan, told him if he admitted to the shooting he would be convicted of murder and he could receive a sixty (60) year sentence for that crime, twenty years for Assault in the First Degree and Five years for the pistol charges or a total total of eighty-five years in jail. The Petitioner testified that when he first met Attorney Tiernan he told him to tell him the truth. He stated that he then proceeded to tell Attorney Tiernan the true story. The petitioner stated that subsequently Attorney Tiernan told him that Ernest Ried was testifying against him and that he should say Ernest Reid did it. The petitioner stated that when he told Attorney Tiernan that he would not say Ernest Reid did it, his attorney told him in that event just say you ducked down and did not see who did the shooting and that that is what he testified to during the trial. CT Page 14021
Attorney William Tiernan testified that he represented the Petitioner in the criminal matter which is the basis for this petition. He stated he discussed strategy for the trial with the petitioner. He also discussed with the petitioner whether he did the shooting, if he did was it in self defense and did he have the intent to kill if he fired the gun. Attorney Tiernan testified that the petitioner wanted to testify and he told him (petitioner) if he did so then in his (attorney's) opinion they should settle on one strategy. Attorney Tiernan stated he told the petitioner to testify as to what happened. He stated the petitioner wanted to testify that he did not do the shooting and that he was threatened by the other vehicle and that that is how he testified at his trial. Attorney Tiernan stated he would not tell the petitioner to lie. He stated he explained to the petitioner what his opinion was concerning what the impact would be if he testified or did not testily at trial. He stated he left the decision of whether the petitioner should testify or not: up to the petitioner.
The attorney for the petitioner asked the court to read portions of the trial transcripts and the court has done this as requested.
The petitioner claims that his incarceration is illegal in that it was obtained without the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States and Article 1 Section 8 of the Constitution of the State of Connecticut in that his trial attorney advised him that he must take the witness stand and provide false testimony during the course of his trial. The petitioner alleges he followed this advice and thereby lost the opportunity to offer evidence that he acted in self defense. The petitioner further alleges in his petition that said acts and omissions by his trial counsel fell below the range of competence displayed by lawyers with ordinary training and skill in the criminal law; and that there is a reasonable probability that, but for the trial counsel's acts and omissions, the outcome of the proceedings would have been different.
According to the testimony of Attorney Tiernan which was not contradicted the trial judge gave the jury in the petitioner's criminal trial an instruction on self defense:
 "Our Supreme Court has adopted the two-pronged analysis of Strickland v. Washington, supra, to determine if counsel's assistance was CT Page 14022 ineffective. Bunkley v. Commissioner of Correction, 222 Conn. 444, 455, 610 A.2d 598
(1992). Sekou v. Warden, 216 Conn. 678, 690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v. Commissioner of Correction, supra; Hull v. Warden, 32 Conn. App. 170, 174, 628 A.2d 32
(1993); Siano v. Warden, supra."
 "`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' (Citations omitted; internal quotation marks omitted.) Siano v. Warden, supra; Hull v. Warden, supra; Copas v. Warden, supra, 683-84.
 "`To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied, if the petitioner can demonstrate that there exists a reasonable probability CT Page 14023 that, but for counsel s unprofessional errors, the result of the proceeding would have been different.' (citations omitted; internal quotation marks omitted). Siano v. Warden, supra, 98; Bunkley v. Commissioner of Correction, supra, 454-55." Davis v. Warden, 32 Conn. App. 296, 301-303, 629 A.2d 440, cert denied, 227 Conn. 924, 632 A.2d 701 (1993).
 Johnson v. Commissioner of Correction, 36 Conn. App. 695, 701, 702 (1995).
The court found Attorney Tiernan to be a very credible witness and found his testimony to be truthful. The petitioner has not sustained his burden of proof on any of the allegations in his amended petition dated August 2, 1995. The court finds that the petitioner has not satisfied the first prong under the test set forth in Strickland v. Washington, supra in proving that Attorney Tiernan's representation of him as deficient. Likewise he has not proven the second prong of the aforesaid test. There is no evidence of prejudice to the petitioner by Attorney's Tiernan's representation of him.
For the foregoing reasons the petition for habeas corpus is denied.
William J. Sullivan, Judge